[Civ. No. 6332. Second Appellate District, Division One.—January 28, 1931.]

EDDY H. MAUZY et al., Respondents, v. J. D. MILLAR, Appellant.

L. B. Stanton for Appellant.

Holland & Holland for Respondents.

HOLLZER, J., *pro tem.*—This is an action upon a note in the sum of $1600, executed by defendant to the order of one E. H. Mauzy, one of the plaintiffs, and who assigned same to the parties bringing this suit.

The circumstances under which the note was given were, briefly, as follows:

In September, 1925, E. H. Mauzy, one of the plaintiffs, and one Darnell, as agent for the remaining plaintiffs, entered into an escrow agreement with one R. F. Crittenden, whereby the Title Insurance & Trust Company was authorized to act as escrow-holder in connection with the sale of certain real estate by plaintiffs to said Crittenden, at the price of $325,000.

Shortly thereafter, a deed, duly executed and acknowledged by all of the plaintiffs, conveying said property to said Crittenden, was deposited in said escrow by said Darnell.

Apparently being unable to complete the purchase of the property within the time provided by the escrow, said Crittenden on January 21, 1926, paid to the plaintiffs the sum of $4,000 on account of said purchase, and at the same time said escrow agreement was modified so as to grant to Crittenden an extension of time to March 20, 1926, within which the balance of the purchase price might be paid, and also so as to grant to him the right to three additional extensions thereafter of thirty days each, upon the payment each month in advance of $1600, it being agreed, however, that no part of such monthly payments should apply on the purchase price. Said escrow agreement, as thus modified, was originally signed by the plaintiff E. H. Mauzy, and the said Darnell, as agent for the remaining plaintiffs, but the latter shortly thereafter ratified such modification in writing. On or about February 17, 1926, Crittenden assigned to the defendant an undivided three-fourths interest in said property.

Being unable to pay the balance of the purchase price by March 20th, Crittenden induced the defendant to execute and deliver the note in question, in consideration of which he secured an additional extension of thirty days.

The purchase not being completed by April 20, 1926, a further extension was granted to May 5, 1926. No further payment having been made, said E. H. Mauzy and Darnell, the latter acting as agent for the remaining plaintiffs, on July 7, 1926, gave notice to the escrow agent that the agreement would be canceled on July 20, 1926, on which last-mentioned date the plaintiffs terminated the deal.

The lower court rendered judgment in favor of plaintiffs. Defendant has appealed and, in support thereof, has advanced the following points:

That the defendant was never a party to the contract for the sale of the property in question.

That the note executed by the defendant was offered as a guarantee for the payment of Crittenden's debt, but such offer was rejected.

That the parties to the original contract of sale, without the consent of the defendant, altered the original obligation, and thereby discharged him.

That the original parties to the said contract voluntarily released the principal charged upon said obligation and rescinded the transaction, and thereby released and effected a cancellation of the note.

That said note was tendered as a guarantee of the payment of a penalty in case the original obligor under the contract of sale should fail to carry out his engagements.

That no damage has been suffered.

In addition, appellant cites several instances—six in number—wherein it is claimed the trial court erred in overruling objections to the admission of evidence. For example, defendant objected to the introduction of letters, signed by those plaintiffs for whom Darnell acted as agent. Said letters had been addressed and delivered to the escrow-holder, and recited that the signers thereof ratified the act of said agent in modifying the agreement, whereby the extension of January 21, 1926, was granted.

Another objection was to the introduction of letters of similar import, written by the same parties in April, 1926, ratifying the extension which Darnell had granted under

date of April 20th. Still another objection was to the introduction of the deed deposited in escrow, and which upon its face purported to be a conveyance by plaintiffs transferring the property in question to said Crittenden.

We have considered each of the points raised by appellant and find no merit in any of them.

The judgment is therefore affirmed.

Conrey, P. J., and York, J., concurred.